UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Bristol-Warren Regional School Committee )
v. ) Case No. 04-521 ML
Melissa DaSilva, as parent and next friend )
Of C.C.; alias The Rhode Island Board of )
Regents for Elementary and Secondary )
Education

PETITION FOR ATTORNEY'S FEES AND COSTS

Now comes Melissa DaSilva, parent of C.C., and applies for an award of attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B). The language of the IDEA states "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." The fee award shall be based on the prevailing rates in the community.

A prevailing party is one who has succeeded on any significant issue which achieves some of the benefits sought by filing suit, Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1983); Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 14, (1st Cir. 2003); Mr. L. & Mrs. L. on behalf of their son Matthew L. v. Woonsocket Education Dept., et al., 793 F. Supp 41 (USDC R.I. 1992). "To successfully claim prevailing party status, the plaintiff need only cross a minimal threshold- more than a technical or de minimus victory." The significant relief standard comprehends simply "a resolution of the dispute which changes the legal relationship between [the plaintiff] and the defendant." Id. at 14, citing Texas State Teachers Ass'n. v.

Garland Indep. School District, 489 U.S. 782, 109 S.Ct. 1486, 1493, 103 L.Ed. 2d 866 (1989).

Through counsel, the parent requested a due process hearing on behalf of her son. She raised three issues: first, his IEP and placement were not adequate to meet his needs, second, the services on his IEP were not regularly provided, and third, his IEP had expired.

For relief, she requested the following orders: the school failed to provide C.C. with a free, appropriate public education, that the school develop an appropriate educational plan, including small, language-based classes, that he receive instruction in the Wilson reading program or a similar program, services for his social-emotional difficulties, an extended school year, assistive technology, and compensatory education.

The Hearing Officer ruled "the parent prevails". He stated the Bristol-Warren schools had not met C.C.'s needs in reading, written language, and math. These were the three areas addressed in the parent's case. He found the school had not used the Wilson reading program consistently and the reading specialist had stopped working with C.C., showing inconsistent provision of services. To remedy the situation, he ordered completion of full neurological, psychological, and occupational therapy evaluations within 30 days and development of an appropriate behavioral plan. He instructed the school to hold a new Team meeting within 10 days of the completion of the evaluations to develop a new IEP. He stated C.C.'s new IEP must include a full Wilson reading program, small group and individualized instruction in written language, small group instruction in math, and an extended school year to maintain progress. If the school did not meet these requirements, he ordered C.C.'s placement in a suitable private school.

Counsel for the school claims the parent did not prevail on any significant issue at the hearing. Comparing the relief requested in the hearing request with the Order shows the opposite.[1] She received almost all of the relief she requested.

The parent obtained an Order for Wilson reading, an extended school year, additional evaluations, development of a behavioral intervention plan based on his psychological needs, and small group instruction in writing and math, which she had not specifically requested. Several Team meetings were held during the hearing, addressing the issue of the expired IEP.

The parent was satisfied with this outcome. She had achieved her main goal to obtain Wilson reading instruction for C.C. The Order explicitly stated that C.C. would be placed at a private school if the Bristol-Warren schools did not meet its terms. She had no interest in appeal, although she did not have confidence the school would fully comply.

The school will argue that the parent's goal was placement in a private school. The parent did argue for placement outside the district, but not in a vacuum. It was because the Bristol-Warren schools did not provide the services and setting C.C. needed.

Nothing prevents a school from placing disabled students in small, substantially separate classes or programs within the public school. Public schools can train or hire staff to instruct dyslexic students in the Wilson or similar reading approaches.

Bristol-Warren schools did not provide Wilson reading at the high school. That was why C.C.'s mother had held him back in eighth grade. The high school did not offer

[1] The Hearing Officer failed to address the issue of compensatory education and did not define what he meant by a "full reading program with the Wilson Reading program or similar program." The parent did not pursue the discipline issue separately from C.C.'s social-emotional issues at the hearing. The occupational therapy evaluation was relevant to determining what assistive technology C.C. might need.

small classes in math and written language. If the high school had such in-district placements and services available, the parent would have taken advantage of them instead of filing for hearing.

It was proper for the Hearing Officer to give the school the opportunity to provide the services he ordered for C.C. at the high school. None of the three schools expressing interest in accepting C.C. were able to commit to take him without payment by the public school. All were at least an hour's drive away in Massachusetts. None of the private or collaborative schools investigated in Rhode Island could meet his needs.

After the school appealed the Hearing Officer's decision, the parent gave the school several months to voluntarily comply with its' terms. The school did not provide appropriate instruction in the Wilson reading program or a similar program. In March 2003 she pressed for enforcement of the Order, as detailed in counsel's affidavit. C.C. was finally placed in a separate school. He has done very well in the out-of-district placement, which offers small classes, individualized attention, and counseling support. His behavior has been excellent. The school has also accommodated his need for specialized reading instruction.

The parties resolved all matters with the exception of the parent's claim for attorney's fees through a stipulation of settlement filed with this Court on or about May 25, 2006. The stipulation includes provisions for future compensatory education.

Courts have uniformly awarded attorney's fees in connection with statutorily required administrative hearings and administrative appeals, even when there is no further appeal. Antonio, by and through his mother, v. Boston Public Schools, 314 F. Supp. 2d 95 (USDC Ma. 2004); Turillo v. Jamestown School Committee et al., 535

F.Suppp. 577 (USDC R.I. 1982); Brown v. Griggsville Community Sch. Dist. No. 4, 12 F. 3d 681 (7th Cir. 1993); Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280 (9th Cir. 1991); Angela L. v. Pasadena Indep. Sch. Dist., 918 F.2d 1188 (5th Cir. 1990); Moore v. District of Columbia, 907 F.2d 932 (D.C. Cir. 1990); Mitten v. Muscogee County School Dist., 877 F.2d 932 (11th Cir. 1989).

Attorney's fees for attendance at IEP Team meetings are allowed when the meetings are held as a result of the administrative hearing; 20 U.S.C. § 1415(i)(3). The Hearing Officer ordered the parties and counsel to attend two Team meetings during the due process hearing. He also ordered an additional IEP meeting be held after his decision. Attorney's fees are thus appropriate for counsel's attendance at these meetings.

A prevailing party may be awarded attorney's fees for the time incurred in preparing the fee application. See, e.g., Moore v. Crestwood Loc. Sch. Dist., 804 F.Supp. 960, (N.D. Ohio 1992). Actions to enforce the Order can be included in calculating attorney's fees. A school's good faith attempt to comply with the order is irrelevant. Borgengasser v. Arkansas State Bd. Of Ed., 996 F.2d 196 (8th Cir. 1993.

Reasonable attorney's fees are calculated by the lodestar method. The lodestar is calculated by multiplying the number of hours reasonable expended in the litigation by a reasonable hourly rate. Hensley v. Eckhart, supra., at 433; Gay Officers Action League v. Puerto Rico, 247 F. 3d 288, 295-96 (1st Cir, 2001); Mr. & Mrs. S. v. Timberelane Regional School District, # 03-260-JD, 40 IDELR 260 (USDC N.H. 2004).

Counsel has submitted an affidavit stating that the number of hours required in this case exceeded the number of hours of work required by most cases and explaining the reasons. Affidavits from other attorneys representing parents in special education

matters are attached. The rates vary from $200.00 to $325.00 per hour for attorneys with similar or less experience. The rate of $225.00 per hour sought by counsel is reasonable.

The preamble to the IDEA stresses the need to create "equality of opportunity" for children with disabilities, 20 U.S.C. § 1400 (c)(1), and notes the financial hardships faced by many families prior to passage of the Act, 20 U.S.C. § 1400 (c)(2). This case exemplifies an important reason for the existence of the fee-shifting language in the statute. The parent in this case was a special needs student in the Bristol-Warren system herself. She struggles with basic literacy skills, as does her son, and works at the local Burger King restaurant earning a low wage. She is unable to pay attorney's fees. The fee-shifting provision of the law provides some means of encouraging private attorneys to accept meritorious cases from clients in similar financial circumstances.

Counsel for parent respectfully requests this Honorable Court order the Bristol-Warren Regional School District to pay reasonable attorney's fees. Counsel further requests the Court to enter the stipulation of settlement as a judgment, pursuant to Local Rule 22, to permit future enforcement of its terms should that become necessary.

A contemporaneous itemization of time spent on this case is attached.

Respectfully submitted,
Melissa DaSilva,
By her attorneys,

Carol J. King

Carol J. King
Wallace Law Office, P.C.
One Post Office Square
Sharon. MA 02067
781/793-0575
R.I. Attorney Registration
#5344

Darlene K. Alt (6345)
Raymond M. Ripple (#6489)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

Certificate of Service

I hereby certify that a true copy of the foregoing Petition for Attorney's Fees was served upon Andrew Henneous, attorney for Plaintiff, by regular U.S. Mail this 30th day of June, 2005.

Carol J. King

ATTACHMENTS

1. Affidavit of Carol King
2. Records of time and expenses
3. Affidavit of Mark Dana, Esq.
4. Affidavit of H. Jefferson Melish, Esq.